# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| CHRISTOPHER DALE GLENN, also known as KAREN MARIE WILSON, <br><br> Plaintiff, <br><br> v. <br><br> STEVE LAWSON, UNKNOWN NURSE PRACTITIONER, BRADLEY COUNTY JAIL, FAST ACCESS CORRECTIONAL HEALTHCARE, REBECCA LNU, CPT. JOHNSON, CHIEF OF OPERATIONS, CHIEF EXECUTIVE OFFICER, SGT. POOLE, and DEPUTY MADEWELL, <br><br> Defendants. | No. 1:21-CV-152-KAC-SKL |

## MEMORANDUM OPINION AND ORDER

Plaintiff Christopher Dale Glenn, also known as Karen Marie Wilson, a former inmate of the Bradley County Justice Center, filed a pro se complaint under 42 U.S.C. § 1983 [Doc. 1]. On April 14, 2022, the Court entered an order granting Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 6]. However, on May 2, 2022, the United States Postal Service ("USPS") returned that Order to the Court as undeliverable with a notation indicating Plaintiff is no longer in custody [*See* Doc. 7 at 5]. Accordingly, on May 18, 2022, the Court entered an order noting that more than two weeks had passed since the USPS returned this mail to the Court, and Plaintiff had not updated her address with the Court, as the Court's Local Rule requires [Doc. 8 at 1]. The Court therefore required Plaintiff to show good cause as to why it should not dismiss this action within fifteen (15) days of entry of that Order and notified Plaintiff that failure to timely comply with the order would result in dismissal of this action [*Id.* at 1–2]. On June 3, 2022, the USPS returned that Order to the Court with a notation indicating that Plaintiff is "not in custody" [Doc. 9 at 4]. Further, more than

fifteen (15) days have passed, and Plaintiff has not complied with that Order or otherwise communicated with the Court.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a plaintiff's failure "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

First, Plaintiff's failure to timely comply with the Court's show cause Order was due to Plaintiff's willfulness or fault. It appears that Plaintiff did not receive the Court's Order because she failed to update the Court regarding her most recent address, monitor this case, or diligently prosecute this action, as the Court's Local Rule requires. *See* E.D. Tenn. LR 83.13 (providing that a pro se party has a duty to notify the Clerk and the other parties to the proceedings of any change in his or her address within fourteen days, "to monitor the case, and to prosecute . . . the action diligently"). Second, Plaintiff's failure to comply with the Court's show cause Order has not prejudiced Defendants because they have not been served. Third, the Court's show cause Order warned Plaintiff that failure to timely comply would result in this action being dismissed [Doc. 8

at 2]. Finally, alternative sanctions are not appropriate here because Plaintiff has failed to comply with this Court's Local Rules and it does not appear that she desires to prosecute this action. These factors support dismissal of this action under Rule 41(b).

"[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented her from complying with the Court's Order and Local Rules, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, the Court **DISMISSES** this action **with prejudice**. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). Should Plaintiff file a notice of appeal, she is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**SO ORDERED. AN APPROPRIATE JUDGMENT WILL ENTER.**

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge

3

Case 1:21-cv-00152-KAC-SKL    Document 10    Filed 07/27/22    Page 3 of 3    PageID #: 37